LAW OFFICES OF JOHN L. BURRIS
JOHN L. BURRIS, Esq. (SBN 69888)
Airport Corporate Centre
7677 Oakport Street, Suite 1120
Oakland, California 94621
Telephone: (510) 839-5200
Facsimile: (510) 839-3882
john.burris@johnburrislaw.com

LAW OFFICES OF JOHN L. BURRIS
DeWITT M. LACY, Esq. (SBN 258789)
K. CHIKE ODIWE, Esq. (SBN 315109)
9701 Wilshire Blvd., Suite 1000
Beverly Hills, California 90212
Telephone: (310) 601-7070
Facsimile: (510) 839-3882
dewitt.lacy@johnburrislaw.com
chike.odiwe@johnburrislaw.com

Attorneys for Plaintiffs
TERESA PERKINS; and
DAVID MICHAEL PERKINS

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERESA PERKINS, as Successor-in-Interest to Decedent Justin Perkins; and DAVID MICHAEL PERKINS, <br><br>                         Plaintiffs, <br><br>     vs. <br><br> CITY OF ANAHEIM, a municipal corporation; SHIAO WANG, individually and in his capacity as a police officer for the CITY OF ANAHEIM; KENNY LEE, individually and in his capacity as a police officer for the CITY OF ANAHEIM; KENNETH EDGAR, individually and in his capacity as a police officer for the CITY OF ANAHEIM; RICKY REYNOSO, individually and in his capacity as a police officer for the | CASE NO.: 8:19-cv-00315-JLS-JDE <br><br> SECOND AMENDED COMPLAINT FOR DAMAGES <br> (42 U.S.C. Section 1983 and pendent tort claims) <br><br> JURY TRIAL DEMANDED |

CITY OF ANAHEIM; CASEY MORRISON, individually and in his capacity as a police officer for the CITY OF ANAHEIM; and DOES 1-50, inclusive, individually and in their official capacities as Police Officers for the CITY OF ANAHEIM Police Department,

Defendants.

# INTRODUCTION

1. This case arises out of the wrongful death of Justin Perkins. On October 27, 2018, at approximately 8:30 a.m., Anaheim Police Department Officers were called for service at or near the location of 2235 West Broadway, in Anaheim, California. At some point, the Defendant Anaheim Police Officers SHAIO WANG, KENNY LEE, and/or DOES 1-25, confronted Justin Perkins at Apt. A115. The officers thereafter attempted to arrest Perkins despite Perkins' protest of innocence of any criminal wrongdoing. During their attempted arrest, the defendant officers repeatedly struck Perkins about his head, face, and body with closed fists. Justin's uncle, Mike Perkins stood within feet of the struggle and shouted to the defendant officers, "He's not trying to hurt you! He's just scared he has a mental disorder!"

2. However, the Defendant officers continued their assault on Perkins with several baton strikes to his head and body. Finally, one of the defendant officers dropped his baton and began to choke Perkins. A second officer continued to physically strike Perkins while the other officer struck him. Witnesses contend that Perkins only attempted to protect himself from the assault by the defendant Anaheim police officers. Nonetheless, the defendant officers continued to beat and choke Perkins until his body went limp. The officers then handcuffed Perkins and stood him on his feet. Perkins appeared dazed and unable to stand on his own power. Nevertheless, the defendant officers forced Perkins to walk with their assistance for a few feet before Perkins collapsed. Perkins appeared to be unconscious and not breathing. The Defendant officers then proceeded to apply pressure to Decedent's back with their hands and knees while Decedent was lying prone on the ground, on information and belief-obstructing his ability to breathe. The officers then proceeded to apply a hobble restraint on Decedent while it was evident that he was laboring to breathe. The Defendant

officers then checked Perkins for a pulse, but were unable to find one. On information and belief, Plaintiff contends after a period of at least forty-five (45) minutes without providing medical attention Perkins was later transported to Anaheim West Hospital. On information and belief, Plaintiff contends that Decedent's neck and throat were injured from the botched application of the unapproved chokehold and that his body and organs were severely damaged due to lack of oxygen.

3. As a result of the officers' unconstitutionally abusive and negligent conduct, Perkins was pronounced dead on October 31, 2018.

4. On information and belief, prior to his death, the officers were on notice that Perkins was suffering from a physical condition that required the provision of immediate medical attention. Perkins was visibly dazed and unable to stand on his own power.

5. On information and belief, Perkins' debilitated physical condition caused by defendants' physical attacks were ignored by defendant officers.

6. This civil rights and wrongful death action seeks compensatory and punitive damages against Defendants for violating various rights under the United States Constitution, The Americans with Disabilities Act, and California state law in connection with the wrongful death of the Decedent, Justin Perkins.

## JURISDICTION AND VENUE

7. This action arises under Title 42 of the United States Code, § 1983 and 12132. Title 28 of the United States Code, §§ 1331 and 1343 confers jurisdiction upon this Court. The unlawful acts and practices alleged herein occurred in the City of Anaheim, California, which is within the judicial district of this Court.

8. The Supplemental Jurisdiction of this court is invoked pursuant to 28 U.S.C. § 1367 over the State law claims which are so related to federal claims in the action that they form part of the same case or controversy under Article III of the Constitution of the United States of America.

9. Venue is proper in this Court under 28 U.S.C. § 1391(b) because Defendants are believed to reside in this district and all incidents, events, and occurrences giving rise to this action occurred in this district.

## PARTIES

10. Decedent Justin Perkins (hereinafter "Decedent") was an individual residing in the State of California. Decedent died intestate. Decedent did not file any legal actions prior to his death. To the extent that this action seeks to recover damages for the violation of rights personal to Decedent, this action is maintained by his Successor-in-Interest TERESA PERKINS. Said Plaintiff is the person with standing to bring this action as Decedent was unmarried at the time of his death.

11. Plaintiff TERESA PERKINS (hereinafter "Plaintiff TERESA PERKINS") is and was at all times herein mentioned the biological mother of Decedent. Plaintiff TERESA PERKINS sues in her individual capacity and as Successor-in-Interest to Decedent.

12. Plaintiff DAVID MICHAEL PERKINS (hereinafter "Plaintiff DAVID MICHAEL PERKINS") is and was at all times herein mentioned the biological uncle of Decedent. Plaintiff DAVID MICHAEL PERKINS sues in his individual capacity.

13. Defendant CITY OF ANAHEIM (hereinafter "CITY") is an incorporated public entity duly authorized and existing as such in and under the laws of the State of California; and at all times herein mentioned, Defendant CITY has possessed the power and authority to adopt policies and prescribe rules, regulations and practices affecting the operation of the Anaheim Police Department and its tactics, methods, practices, customs and usage. At all relevant times, Defendant City was the employer of SHAIO WANG, KENNY LEE, KENNETH EDGAR, RICKY REYNOSO, CASEY MORRISON, and DOE Defendants, individually and as peace officers.

14. At all times herein mentioned Defendant, SHIAO WANG (hereinafter "WANG") is an officer of the CITY Police Department. WANG is, and at all times mentioned herein, an employee of the CITY. He is being sued individually and in his official capacity as an officer of the CITY Police Department.

15. At all times herein mentioned defendant, KENNY LEE (hereinafter "LEE") is an officer of the CITY Police Department. LEE is, and at all times mentioned herein, an employee of the CITY. He is being sued individually and in his official capacity as an officer of the CITY Police Department.

16. At all times herein mentioned defendant, KENNETH EDGAR (hereinafter "EDGAR") is an officer of the CITY Police Department. EDGAR is, and at all times mentioned herein, an employee of the CITY. He is being sued individually and in his official capacity as an officer of the CITY Police Department.

17. At all times herein mentioned defendant, RICKY REYNOSO (hereinafter "REYNOSO") is an officer of the CITY Police Department. REYNOSO is, and at all times mentioned herein, an employee of the CITY. He is being sued individually and in his official capacity as an officer of the CITY Police Department.

18. At all times herein mentioned defendant, CASEY MORRISON (hereinafter "MORRISON") is an officer of the CITY Police Department. MORRISON is, and at all times mentioned herein, an employee of the CITY. He is being sued individually and in his official capacity as an officer of the CITY Police Department.

19. Plaintiff is ignorant of the true names and capacities of Defendants DOES 1 through 25, inclusive, and therefore sue these defendants by such fictitious names. Plaintiff alleges Defendants DOES 1 through 25 violated Decedent's civil rights, wrongfully caused his death, and/or encouraged, directed, enabled and/or ordered other defendants to engage in such conduct. Plaintiff further alleges that the Defendant DOE Anaheim Police Department Officers violated Plaintiff's Fourteenth Amendment rights to familial association and companionship, failure to provide medical attention, and caused the wrongful death of Decedent. Plaintiff will amend this Complaint to state the names and capacities of DOES 1 through 25, inclusive, when they have been ascertained.

20. Plaintiff is ignorant of the true names and capacities of Defendant DOES 26 through 50, inclusive, and therefore sues these defendants by such fictitious names. Plaintiff is informed and believe and thereon allege that each Defendant so named was employed by Defendant City at the time of the conduct alleged herein. Plaintiff alleges that each of Defendant DOES 26 through 50 were responsible for the training, supervision and/or conduct of the officers and/or agents involved in the conduct alleged herein. Plaintiff alleges that each of Defendant DOES 26 through 50 was also responsible for and caused the acts and injuries alleged herein. Plaintiff will amend this Complaint to state the names and capacities of DOES 26 through 50, inclusive, when they have been ascertained.

## PRELIMINARY ALLEGATIONS

21. The City of Anaheim is a public entity and is being sued under Title 42 U.S.C. § 1983 for violations of the Fourth and Fourteenth Amendments of the United States Constitution, California state law, the California Tort Claims Act, and the Government Code for the acts and omissions of Defendants WANG, LEE, EDGAR, REYNOSO, MORRISON, and/or DOES 1-25, and each of them, who at the time they caused Plaintiff's and Decedent's injuries, damages, and death, were duly appointed, qualified and acting officers, employees, and/or agents of CITY and acting within the course and scope of their employment and/or agency.

22. Plaintiff alleges that the conduct of each defendant deprived Decedent of his constitutional right to life and caused Decedent to suffer grievous harm prior to his death.

23. Each of the Defendants caused and is responsible for the unlawful conduct and resulting harm by, inter alia, personally participating in the conduct, or acting jointly and in concert with others who did so, by authorizing, acquiescing, condoning, acting, omitting or failing to take action to prevent the unlawful conduct, by promulgating or failing to promulgate policies and procedures pursuant to which the unlawful conduct occurred, by failing and refusing to initiate and maintain proper and adequate policies, procedures and protocols, and by ratifying and condoning the unlawful conduct performed by agents and officers under their direction and control.

24. Whenever and wherever reference is made in this Complaint to any act by Defendants DOES 1-50, such allegations and references shall also be deemed to mean the acts and failures to act of each DOE Defendants individually, jointly or severally.

## ADMINISTRATIVE PREREQUISITES

25. Plaintiff is required to comply with an administrative tort claim requirement under California law. Plaintiff filed a claim against the City of Anaheim on November 5, 2018. Plaintiff has exhausted all administrative remedies pursuant to California Government Code Section 910.

## GENERAL ALLEGATIONS

26. On October 27, 2018 at or about 8:30 a.m. at or near 2235 W. Broadway, Apt. A115 in Anaheim, California, Defendant Anaheim Police Department Officers responded to a service call. During this call, the Defendant Police Officers WANG, LEE, and/or DOES 1-25 confronted

Decedent at his home. Mike Perkins, a percipient witness, recalls hearing Decedent objecting to an accusation that he had assaulted someone earlier that day. The defendant officers WANG, LEE, and/or DOES 1-25 then attempted to arrest Decedent and take him into custody. During the attempt, Defendants WANG, LEE, and/or DOES 1-25 repeatedly and brutally struck Decedent about his head, face, and body with closed fists. Witness accounts reported that Decedent merely attempted to protect himself from the vicious attack. Decedent's uncle, Plaintiff Mike Perkins stood within feet of the struggle and repeatedly shouted to Defendants WANG, LEE, and/or DOES 1-25 informing them that Decedent suffered from a mental disorder and had been previously diagnosed as bipolar.

27. Nonetheless, Defendants WANG, LEE, and/or DOES 1-25 continued their assault on Decedent with several baton strikes to his head and body. Finally, on information and belief, one of the defendant officers dropped his baton and began to choke Decedent with an unapproved chokehold. The second defendant officer continued to physically strike Decedent about his head and body while the other defendant officer choked Decedent. On information and belief, Decedent did not attempt to strike the officers during the altercation but did attempt to break the hold of the Defendant officer who was choking him and to protect himself from the assault of Defendants WANG, and/or LEE, and/or DOES 1-25.

28. Defendants WANG, and/or LEE, and/or DOES 1-25 continued to beat and choke Decedent until his body went limp. The officers then handcuffed Decedent and stood him to his feet. Decedent appeared visually dazed and unable to stand on his own power. Defendants EDGAR and REYNOSO forced Decedent to walk with their assistance for a few feet before Decedent collapsed. After Decedent collapsed, Defendants EDGAR, REYNOSO, and MORRISON proceeded to apply pressure to Decedent's back while was lying prone on the ground and the ground and laboring to breathe, on information and belief-obstructing his ability to breathe. Defendants EDGAR, REYNOSO, and MORRISON then proceeded to apply a hobble restraint to Decedent while it was evident that Decedent was still laboring to breathe and in the midst of a medical emergency. On information and belief, Defendants EDGAR, REYNOSO, and MORRISON's conduct in applying pressure to Decedent's back while he was lying prone on the ground and applying a hobble restraint

while Decedent was laboring to breathe, exacerbated the physical distress that led to Decedent's death.

29. On information and belief, Plaintiff contends after a period of at least forty-five (45) minutes without providing medical attention Decedent was later transported to Anaheim West Hospital. On information and belief, Plaintiff contends Decedent's body and organs were severely damaged due to lack of oxygen. Decedent was later pronounced dead at Anaheim West Hospital on October 31, 2018.

30. On information and belief, Plaintiff contends Decedent exhibited signs of physical trauma, including being dazed and unable to stand on his own power, however he was denied any medical attention. On information and belief, Plaintiff contends Decedent's uncle made several verbal requests for medical attention for Decedent. However, the requests were disregarded by Defendants WANG, and/or LEE, EDGAR, REYNOSO, MORRISON, and/or DOES 1-25, who made Decedent walk on his own while he was weak.

31. Plaintiff further contends on information and belief that Decedent's death was proximately caused by the breach of the standard of care he suffered at the hands of the Defendant Officers.

32. Plaintiff alleges on information and belief that reasonable officers in Defendants' position would have clearly been on notice that Decedent required medical attention prior to his death.

33. The actions and omissions of Defendants WANG, and/or LEE, EDGAR, REYNOSO, MORRISON, and/or DOES 1-25 were objectively unreasonable under the circumstances, without legal justification or other legal right, done under color of law, within the course and scope of their employment as law enforcement officers and/or public officials, and pursuant to unconstitutional customs, policies and procedures of City and/or other jurisdictions.

34. Plaintiff is informed and believes and thereon alleges that CITY and one or more DOES 26-50, inclusive, breached their duty of care to the public in that they have failed to discipline WANG, LEE, EDGAR, REYNOSO, MORRISON, and/or DOES 1-25. Their failure to discipline WANG, LEE, EDGAR, REYNOSO, MORRISON, and/or DOES 1-25 inclusive, demonstrates the existence of an entrenched culture, policy or practice of promoting, tolerating and/or ratifying with

deliberate indifference the making of improper detentions and arrests, the use of excessive and/or deadly force and the fabrication of official reports to cover up WANG, LEE, EDGAR, REYNOSO, MORRISON, and/or DOES 1-25's inclusive, misconduct.

35.     At all material times, and alternatively, the actions and omissions of each Defendant were conscience-shocking, reckless, deliberately indifferent to Decedent's and Plaintiff's rights, negligent, and objectively unreasonable.

## MONELL ALLEGATIONS

36.     Based upon the principles set forth in *Monell v. New York City Department of Social Services,* 436 U.S. 658 (1978), CITY is liable for all injuries sustained by Plaintiff as set forth herein. CITY bears liability because its policies, practices and/or customs were a cause of Decedent's death and Plaintiff's injuries. CITY and its officials maintained or permitted one or more of the following official policies or customs:

  a) Failure to provide adequate training and supervision to police officers with respect to constitutional limits on the use of deadly force;
  b) Failure to provide adequate training and supervision to police officers with respect to constitutional limits on use of force, arrest, search, and detention;
  c) Failure to adequately discipline or retrain officers involved in misconduct;
  d) Failure to provide adequate training and supervision to police officers with respect to constitutional limits on de-escalation techniques during contacts with the mentally impaired;
  e) Encouragement of officers in the belief that they can violate the rights of persons, such as Plaintiff, with impunity, and that such conduct will not adversely affect their opportunities for promotion and other employment benefits;
  f) Ratification by the highest levels of authority of the specific unconstitutional acts alleged in this complaint and, in particular, the ratification of the unjustified execution of Decedent; and
  g) Failure to provide adequate medical treatment, including first aid.

## DAMAGES

37. As a consequence of Defendants' violation of Plaintiff's federal civil rights under 42 U.S.C. §§ 1983, 12132, the Fourth and Fourteenth Amendments, Plaintiff was mentally, and emotionally injured and damaged as a proximate result of Decedent's wrongful death, including but not limited to: Plaintiff's loss of familial relations, Decedent's society, comfort, protection, companionship, love, affection, solace, and moral support and financial support.

38. Plaintiff seeks both survival and wrongful death damages, pursuant to C.C.P. Sections 377.60 and 377.61 and Probate Code Section 6402(b), for the violation of both Decedent's and their rights. Additionally, Plaintiff is entitled to the reasonable value of funeral and burial expenses pursuant to C.C.P. §§ 377.60 and 377.61 and loss of financial support.

39. Plaintiff is further entitled to recover damages incurred by Decedent before he died as a result of being deprived without due process of his right to life, and to any penalties or punitive damages to which Decedent would have been entitled to recover had he lived, including damages incurred by Decedent consisting of pain and suffering he endured as a result of the violation of his civil rights.

40. Plaintiff found it necessary to engage the services of private counsel to vindicate the rights of Decedent and Plaintiff's rights under the law. Plaintiff is therefore entitled to an award of attorneys' fees and/or costs pursuant to statute(s) in the event that they are the prevailing party in this action under 42 U.S.C. § 1983, and 1988.

### FIRST CAUSE OF ACTION
**(42 U.S.C. section 1983)**
**(Excessive Force)**
**(Plaintiff TERESA PERKINS, Successor-in-Interest to Decedent Justin Perkins against Defendants WANG, LEE, EDGAR, REYNOSO, MORRISON, and/or DOES 1-25)**

41. Plaintiff hereby re-alleges and incorporates by reference herein paragraphs 1 through 40 of this Complaint.

42. The foregoing claim for relief arose in Decedent's favor and Decedent would have been the Plaintiff with respect to this claim if he had lived.

43. Defendant(s) unjustified beating and subsequent excessive restraint deprived Decedent of his right to be secure in his person against unreasonable searches and seizures as guaranteed to Decedent under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.

44. As a result, Decedent suffered extreme pain and suffering and eventually suffered a loss of life and of earning capacity. Plaintiff has also been deprived of the life-long love, companionship, comfort, support, society, care, and sustenance of Decedent, and will continue to be so deprived for the remainder of her natural life.

45. This use of deadly force was excessive and unreasonable under the circumstances, especially since Decedent never injured or attempted to injure any officer or any other person. Moreover, the officers continued to physically strike Decedent in the head and choke Decedent while he posed no threat of harm. Defendants' actions thus deprived Decedent of his right to be free from unreasonable searches and seizures under the Fourth Amendment and applied to state actors by the Fourteenth Amendment.

46. The conduct of Defendants was willful, wanton, malicious, and done with reckless disregard for the rights and safety of Decedent.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

**SECOND CAUSE OF ACTION**
**(42 U.S.C. section 1983)**
**(Denial of Medical Care)**
**(Plaintiff TERESA PERKINS, Successor-in-Interest to Decedent Justin Perkins against Defendants WANG, LEE, EDGAR, REYNOSO, MORRISON, and/or DOES 1-25)**

47. Plaintiff hereby re-alleges and incorporates by reference herein paragraphs 1 through 46 of this Complaint.

48. The foregoing claim for relief arose in Decedent's favor and Decedent would have been the Plaintiff with respect to this claim if he had lived.

49. The denial of medical care by Defendants deprived Decedent of his right to be secure in his person against unreasonable searches and seizures as guaranteed to Decedent under the Fourth

Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.

50. As a result, Decedent suffered extreme pain and suffering and eventually suffered a loss of life and earning capacity. Plaintiff has also been deprived of the life-long love, companionship, comfort, support, society, care, and sustenance of Decedent, and will continue to be so deprived for the remainder of her natural life.

51. Defendants knew that failure to provide timely medical treatment to Decedent could result in further significant injury or the unnecessary and wanton infliction of pain, but disregarded that serious medical need, causing Decedent great bodily harm and death.

52. The conduct of Defendants was willful, wanton, malicious, and done with reckless disregard for the rights and safety of Decedent.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

### THIRD CAUSE OF ACTION
**(42 U.S.C. § 1983)**
**(Violation of Plaintiffs' 14th Amendment Rights/Right to Familial Relationship)**
**(Plaintiff TERESA PERKIN, Successor-in-Interest to Decedent Justin Perkins against Defendants WANG, LEE, EDGAR, REYNOSO, MORRISON, and/or DOES 1-25)**

53. Plaintiff hereby re-alleges and incorporates by reference herein paragraphs 1 through 52 of this Complaint.

54. Plaintiff TERESA PERKINS had a cognizable interest under the Due Process Clause of the Fourteenth Amendment of the United States Constitution to be free from state actions that deprive them of life, liberty, or property in such a manner as to shock the conscience, including but not limited to, unwarranted state interference in Plaintiff's familial relationship with her son, Decedent.

55. Decedent had a cognizable interest under the Due Process Clause of the Fourteenth Amendment of the United States Constitution to be free from state actions that deprive him of his right to life, liberty, or property in such a manner as to shock the conscience.

56. As a result of the excessive force by Defendants, Decedent died. Plaintiff was thereby deprived of her constitutional right of familial relationship with her son, Decedent.

57. Defendants, acting under color of state law, thus violated the Fourteenth Amendment rights of Plaintiff to be free from unwarranted interference with her familial relationship with Decedent.

58. The aforementioned actions of Defendants, along with other undiscovered conduct, shock the conscience, in that they acted with deliberate indifference to the constitutional rights of Decedent, Plaintiff TERESA PERKINS, and with purpose to harm unrelated to any legitimate law enforcement objective.

59. Defendants, acting under color of state law, thus violated the Fourteenth Amendment rights of Decedent and Plaintiff.

60. As a direct and proximate cause of the acts of Defendants, Decedent experienced severe pain and suffering and lost his life and earning capacity. Plaintiff suffered extreme and severe mental anguish and pain and has been injured in mind and body. Plaintiff has also been deprived of the life-long love, companionship, comfort, support, society, care and sustenance of Decedent, and will continue to be so deprived for the remainder of her natural life.

61. As a result of the conduct of Defendants, they are liable for Decedent's injuries, either because they were integral participants in the denial of due process, or because they failed to intervene to prevent these violations.

62. The conduct of Defendants was willful, wanton, malicious, and done with reckless disregard for the rights and safety of Decedent and Plaintiff.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

### FOURTH CAUSE OF ACTION
(42 U.S.C. Section 1983)
(Monell - Municipal Liability for Unconstitutional Custom or Policy)
(Plaintiff TERESA PERKINS, Successor-in-Interest to Decedent Justin Perkins against Defendants City and DOES 26-50)

63. Plaintiff hereby re-alleges and incorporates by reference herein paragraphs 1 through 62 of this Complaint.

64. On information and belief Defendants' WANG, LEE, EDGAR, REYNOSO, MORRISON, and/or DOES 1-25 conduct, individually and as peace officers was ratified by one or more of City's police department supervisorial officers DOES 26-50.

65. On information and belief, Defendants were not disciplined for the killing of Decedent.

66. On and for some time prior to October 27, 2018, (and continuing to the present day) one or more of Defendants, individually and as peace officers, deprived Plaintiff and Decedent of the rights and liberties secured to them by the Fourth and Fourteenth Amendment to the United States Constitution, in that said defendants and their supervising and managerial employees, agents, and representatives, acting with gross negligence and with reckless and deliberate indifference to the rights and liberties of the public in general, and of Plaintiff and Decedent, and of persons in their class, situation and comparable position in particular, knowingly maintained, enforced and applied an official recognized custom, policy, and practice of:

   a) Inadequately supervising, training, controlling, CITY police officers to provide medical attention to those whom they use force against;

   b) Of inadequately supervising, training, controlling, assigning, and disciplining CITY Police officers, and other personnel, including Defendants in responding to individuals who were mentally impaired or disabled;

   c) By maintaining grossly inadequate procedures for reporting, supervising, investigating, reviewing, disciplining and controlling the intentional misconduct by Defendants who are Police Officers of CITY;

   d) By failing to discipline CITY Police Officers' conduct, including but not limited to, unlawful detention and excessive and deadly force;

   e) By ratifying the intentional misconduct of Defendants and other officers who are Police Officers of CITY; and

   f) By failing to properly investigate claims of unlawful detention and excessive force by CITY Police Officers.

67. By reason of the aforementioned policies and practices of Defendants WANG, LEE, EDGAR, REYNOSO, MORRISON, and/or DOES 1-25, individually and as peace officers, Decedent was severely injured and subjected to pain and suffering and lost his life and earning capacity for which Plaintiff is entitled to recover damages.

68. Defendants, individually and as peace officers, together with various other officials, whether named or unnamed, had either actual or constructive knowledge of the deficient policies, practices and customs alleged in the paragraphs above. Despite having knowledge as stated above these defendants condoned, tolerated and through actions and inactions thereby ratified such policies. Said defendants also acted with deliberate indifference to the foreseeable effects and consequences of these policies with respect to the constitutional rights of Decedent, Plaintiff, and other individuals similarly situated.

69. By perpetrating, sanctioning, tolerating and ratifying the outrageous conduct and other wrongful acts, Defendants, individually and as peace officers; acted with an intentional, reckless, and callous disregard for the life of Decedent. Each of their actions were willful, wanton, oppressive, malicious, fraudulent, and extremely offensive and unconscionable to any person of normal sensibilities.

70. Furthermore, the policies practices, and customs implemented and maintained and still tolerated by Defendants, individually and as peace officers; were affirmatively linked to and were significantly influential force behind the injuries of Decedent and Plaintiff.

71. By reason of the aforementioned acts and omissions of Defendants, individually and as peace officers, Plaintiff was caused to incur funeral and related burial expenses, loss of gifts and benefits and loss of financial support.

72. By reason of the aforementioned acts and omissions of Defendants, individually and as peace officers, Plaintiff has suffered loss of love, companionship, affection, comfort, care, society, and future support.

73. Accordingly, Defendants, individually and as peace officers, each are liable to Plaintiff for compensatory damages under 42 U.S.C. § 1983.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

# FIFTH CAUSE OF ACTION
### (Violation of 42 U.S.C. Section 12132)
### (Plaintiff TERESA PERKINS, Successor-in-Interest to Decedent Justin Perkins against all Defendants herein)

74. Plaintiff hereby realleges and incorporates by reference herein paragraphs 1 through 73 of this Complaint.

75. As against Defendant CITY, and DOES 26-50 in her/their capacity as official policy-maker(s) for the CITY, Plaintiff further alleges that said defendants failed to train, supervise, and or discipline Defendants WANG, LEE, EDGAR, REYNOSO, MORRISON, and/or DOES 1-25, in recognizing symptoms of disability under title II of the Americans With Disabilities Act; from excluding qualified individuals such as Decedent from participation in or denial of benefits of services provided by Defendant CITY, or in otherwise discriminating against such qualified individuals with symptoms of disability recognized under title II of the Americans with Disabilities act, resulting in the killing of Decedent during the course of the subject-incident and her resulting damages.

76. At the time Defendant Officers WANG, and/or LEE, and/or DOES 1-25 responded to the call for service, after personally encountering Decedent and obtaining information from Mike Perkins, Defendant Officers WANG, LEE, and/or DOES 1-25, were faced with no reasonable exigency when they begin to force Decedent from the doorway of his home.  Said defendants had no information, and no reasonable belief, that anyone other than Decedent was present inside the unit, and were aware of Decedent's disability and the symptoms and manifestations of Decedent's recognized disability. The aforementioned conduct of Defendant Officers WANG, LEE, and/or DOES 1-25, excluded Decedent from participation in, denied Decedent the benefits of Defendant CITY's programs and activities, and/or discriminated against Decedent.

77. The exclusion, denial of benefits, and/or discrimination against Decedent was by reason of Decedent's recognized disability.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

**SIXTH CAUSE OF ACTION**
(C.C.P. Section 377.60 and 377.61)
(Wrongful Death- Negligence)
(Plaintiff TERESA PERKINS, Successor-in-Interest to Decedent Justin Perkins against Defendants WANG, LEE, EDGAR, REYNOSO, MORRISON, and/or DOES 1-25)

78. Plaintiff re-alleges and incorporates by reference herein paragraphs 1 through 77 of this Complaint, except for any and all allegations of intentional, malicious, extreme, outrageous, wanton, and oppressive conduct by defendants, and any and all allegations requesting punitive damages.

79. Defendants beat and restrained Decedent until he died despite the absence of a threat to a defendant officer or any other person. Because Decedent died intestate, unmarried, and without issue, Plaintiff is the proper person to sue for his wrongful death under California state law.

80. Defendants' negligent actions and/or negligent failure to act within the scope and course of their employment with Defendant City, as set forth herein-above proximately caused the death of Decedent.

81. As an actual and proximate result of said Defendants' negligence, and the death of Decedent, Plaintiff has sustained pecuniary loss resulting from the loss of comfort, society, attention, services, and support of her son, Decedent, in an amount according to proof at trial.

82. As a further actual and proximate result of said Defendants' negligence, Plaintiff has incurred funeral and burial expenses, in an amount according to proof at trial.

83. Pursuant to California C.C.P. Sections 377.60 and 377.61, Plaintiff has brought this action, and claim damages from said Defendants for the wrongful death of Decedent, and the resulting injuries and damages.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

**SEVENTH CAUSE OF ACTION**
(Violation of California Civil Code §52.1)
(Plaintiff TERESA PERKINS, Successor-in-Interest to Decedent Justin Perkins against Defendants WANG, LEE, EDGAR, REYNOSO, MORRISON, and/or DOES 1-25)

84. Plaintiff hereby re-alleges and incorporates by reference herein paragraphs 1 through 83 of this Complaint.

85. Defendants' above-described conduct constituted interference, and attempted interference, by threats, intimidation and coercion, with the Decedent's peaceable exercise and enjoyment of rights secured by the Constitution and laws of the United States and the State of California, in violation of California Civil Code §52.1.

86. As a direct and proximate result of Defendant's violation of Civil Code § 52.1, Decedent suffered violations of his constitutional rights, and suffered damages as set forth herein.

87. Plaintiff is entitled to injunctive relief and an award of her reasonable attorney's fees pursuant to Civil Code § 52.1(h).

88. Plaintiff is entitled to treble damages, but in no case less than $4,000.00 and an award of her reasonable attorney's fees pursuant to Civil Code § 52(a).

89. Under the provisions of California Civil Code §52(b), Defendant is liable for punitive damages for each violation of Civil Code §52.1, reasonable attorney's fees and an additional $25,000.00.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

### EIGHTH CAUSE OF ACTION
**(Survival Action: Assault)**
**(Plaintiff TERESA PERKINS, Successor-in-Interest to Decedent Justin Perkins against Defendants WANG, LEE, EDGAR, REYNOSO, MORRISON, and/or DOES 1-25)**

90. Plaintiff hereby re-alleges and incorporates by reference herein paragraphs 1 through 89 of this Complaint.

91. Defendants caused Decedent to fear that he was going to be beat and killed.

92. Defendants beat Decedent without cause. Defendants' conduct was neither privileged nor justified under statute or common law.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

**NINTH CAUSE OF ACTION**
**(Survival Action: Battery)**
**(Plaintiff TERESA PERKINS, Successor-in-Interest to Decedent Justin Perkins against Defendants WANG, LEE, EDGAR, REYNOSO, MORRISON, and/or DOES 1-25)**

93. Plaintiff hereby re-alleges and incorporates by reference herein paragraphs 1 through 92 of this Complaint.

94. Defendants' conduct was neither privileged nor justified under statute or common law.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

**TENTH CAUSE OF ACTION**
**(Survival Action: Intentional Infliction of Emotional Distress)**
**(Plaintiffs TERESA PERKINS, Successor-in-Interest to Decedent Justin Perkins against Defendants WANG, LEE, EDGAR, REYNOSO, MORRISON, and/or DOES 1-25)**

95. Plaintiff hereby re-alleges and incorporates by reference herein paragraphs 1 through 94 of this Complaint.

96. Defendants' above-described conduct was extreme, unreasonable and outrageous.

97. In engaging in the above-described conduct, defendant intentionally ignored or recklessly disregarded the foreseeable risk that Decedent would suffer extreme emotional distress as a result of defendants conduct.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

**ELEVENTH CAUSE OF ACTION**
**(Negligent Infliction of Emotional Distress)**
**(Plaintiff DAVID MICHAEL PERKINS against Defendants WANG, LEE, EDGAR, REYNOSO, MORRISON, and/or DOES 1-25)**

98. Plaintiff hereby re-alleges and incorporates by reference herein paragraphs 1 through 97 of this Complaint.

99. Defendant's engaged in negligent conduct or a willful violation of a statutory standard; Plaintiff suffered serious emotional distress, and; The Defendants negligent conduct or willful violation of statutory standards was a cause of the serious emotional distress.

100. Decedent's uncle, Plaintiff DAVID MICHAEL PERKINS stood within feet of the struggle and repeatedly shouted to Defendants WANG, LEE, and/or DOES 1-25 informing them that

Decedent suffered from a mental disorder and had been previously diagnosed as bipolar. Said Plaintiff was within the zone danger.

101. In engaging in the above-described conduct, defendants intentionally ignored or recklessly disregarded the foreseeable risk that Plaintiff would suffer extreme emotional distress as a result of defendants conduct.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

## JURY DEMAND

102. Plaintiff hereby demands a jury trial in this action.

## PRAYER

WHEREFORE, Plaintiff prays for relief, as follows:

1. For general damages in a sum according to proof;
2. For special damages in a sum according to proof;
3. For punitive damages in a sum according to proof as to WANG, LEE, EDGAR, REYNOSO, MORRISON, and DOES 1-25;
4. For reasonable attorney's fees pursuant to 42 U.S.C. Section 1988;
5. For any and all statutory damages allowed by law;
6. For cost of suit herein incurred; and
7. For such other and further relief as the Court deems just and proper.

Dated:  October 14, 2019                    **Law Offices of John L. Burris**


                                            __/s/ *John L. Burris*_____
                                            John L. Burris, Esq.,
                                            Attorney for Plaintiffs