**THE LAW OFFICES OF JOHN L. BURRIS**
JOHN L. BURRIS, Esq. (SBN 69888)
Airport Corporate Centre
7677 Oakport Street, Suite 1120
Oakland, California 94621
Telephone: (510) 839-5200
Facsimile:  (510) 839-3882
john.burris@johnburrislaw.com

**THE LAW OFFICES OF JOHN L. BURRIS**
DeWITT M. LACY, Esq. (SBN 258789)
JULIA N. QUESADA, Esq. (SBN 337872)
9701 Wilshire Blvd., Suite 1000
Beverly Hills, California 90212
Telephone: (310) 601-7070
Facsimile:  (510) 839-3882
dewitt.lacy@johnburrislaw.com
julia.quesada@johnburrislaw.com

Attorneys for Plaintiff

# UNITED STATE DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERESA PERKINS, as Successor-in-Interest to Decedent Justin Perkins; and DAVID MICHAEL PERKINS, <br><br> Plaintiff, <br><br> vs. <br><br> CITY OF ANAHEIM, a municipal corporation; SHIAO WANG, individually and in his capacity as a police officer for the CITY OF ANAHEIM; KENNY LEE, individually and in his capacity as a police officer for the CITY OF ANAHEIM; KENNETH EDGAR, individually and in his capacity as a police officer for the CITY OF ANAHEIM; RICKY REYNOSO, individually and in his capacity as a police officer for the CITY OF | Case No.: 8:19-cv-00315-JLS-JDE <br><br> *(Hon. Josephine L. Staton)* <br><br> **MEMORANDUM OF CONTENTIONS OF LAW AND FACT** <br><br> Date:        January 21, 2022 <br> Ctrm.:       10A <br> Trial Date: TBD |

ANAHEIM; CASEY MORRISON, individually and in his capacity as a police officer for the CITY OF ANAHEIM; and DOES 1-50, inclusive, individually and in their official capacities as Police Officers for the CITY OF ANAHEIM Police Department,

Defendants.

**TO THE HONORABLE COURT AND TO ALL PARTIES AND COUNSEL:**

By and through their counsel of record in this action, Plaintiff Teresa Perkins hereby submits the following Memorandum of Cotentions of Fact and Law, pursuant to United States District Court, Central District of California Local Rules, 16-4, (as applicable); and the applicable Orders of the Court.

The parties reserve the right to amend this Memorandum of Fact and Law, subject to any objections, motions *in limine*, and applicable Orders of the Court.

Dated: January 21, 2022    **THE LAW OFFICES OF JOHN L. BURRIS**

_____/s/ *DeWitt M. Lacy*_____

DeWitt M. Lacy

Attorney(s) for Plaintiff

I. CLAIMS AND DEFENSES

(a) A summary statement of the claims Plaintiff has pleaded and plans to pursue:

 (i) Claim 1: Excessive force (42 U.S.C. § 1983) against defendant police officers Shiao Wang, Kenny Lee, Kenneth Edgar and Ricky Reynoso (the "Officers");

 (ii) Claim 2: Denial of Medical Care (42 U.S.C. § 1983) against defendant police officers Kenneth Edgar and Ricky Reynoso;

 (iii) Claim 3: Violation of 14th Amendment right to familial relationship against defendant police officers Kenneth Edgar and Ricky Reynoso;

 (iv) Claim 4: Wrongful death/negligence against the Officers;

 (v) Claim 5: Violation of the Bane Civil Rights Act against the Officers;

 (vi) Claim 6: Assault against the Officers;

 (vii) Claim 7: Battery against the Officers; and

 (viii) Claim 8: Intentional infliction of emotional distress against defendant police officers Kenneth Edgar and Ricky Reynoso;

(b) The elements required to establish Plaintiff's claims

 (i) Excessive force (42 U.S.C. § 1983) against defendant police officers Shiao Wang, Kenny Lee, Kenneth Edgar and Ricky Reynoso (the "Officers"):

  1. Defendant officers used unreasonable force against Justin Perkins.

  2. Defendant officers' use of unreasonable force caused injury to Justin Perkins.

 (ii) Denial of Medical Care (42 U.S.C. § 1983) against defendant

The Law Offices of John L. Burris
9701 Wilshire Boulevard, Suite 1000
Beverly Hills, California 90212

police officers Kenneth Edgar and Ricky Reynoso:

    1. That any defendant made an intentional decision regarding the denial of needed medical care;

    2. The denial of needed medical care put the plaintiff at substantial risk of suffering serious harm;

    3. No defendant took reasonable available measures to abate or reduce the risk of serious harm, even though a reasonable officer under the circumstances would have understood the high degree of risk involved—making the consequences of the defendant's conduct obvious; and

    4. By not taking such measures the defendant caused the plaintiff's injuries.

(iii) Violation of 14th Amendment right to familial relationship against defendant police officers Kenneth Edgar and Ricky Reynoso:

    1. Defendant officers acted with deliberate indifference to the rights of the decedent; and

    2. Defendant officers actions caused plaintiff to be deprived of the companionshiop and society of decedent.

(iv) Wrongful death/negligence against the Officers:

    1. Defendant deputies negligently used unreasonable force against Justin Perkins.

    2. Defendant deputies' negligent use of unreasonable force caused injury to Justin Perkins.

(v) Violation of the Bane Civil Rights Act against the Officers:

    1. Defendants Wang, Lee, Edgar, and/or Reynoso act violently against Justin Perkins;

    2. Defendant officers committed these acts of violence to

prevent Justin Perkins from exercising his right to be free from unreasonable seizure;

3. That Justin Perkins was harmed; and

4. The Defendant officers' acts were a substantial factor in causing harm to Justin Perkins.

(vi) Assault against the Officers:

1. That Defendants Wang, Lee, Edgar, and/or Reynoso threatened to touch Justin Perkins in a harmful or offensive matter;

2. That it reasonably appeared to Justin Perkins that the Defendant officers were about to carry out the threat;

3. That Justin Perkins did not consent to the Defendant officers' conduct;

4. That Justin Perkins was harmed; and

5. That the Defendant officers' conduct was a substantial factor in causing Justin Perkins' harm.

(vii) Battery against the Officers:

1. That Defendants Wang, Lee, Edgar, and/or Reynoso intentionally caused Justin Perkins to be touched;

2. That Defendant officers used unreasonable force to detain Justin Perkins;

3. That Justin Perkins did not consent to the use of that force;

4. That Justin Perkins was harmed; and

5. That defendant officers' use of unreasonable force was a substantial factor in causing Justin Perkin's harm.

(viii) Intentional infliction of emotional distress against defendant

police officers Kenneth Edgar and Ricky Reynoso:

    1. That Defendant officers' conduct was outrageous;

    2. That the Defendant officers acted with reckless disregard of the probability that Justin Perkins would suffer emotional distress, knowing that Justin Perkins was present when the conduct occurred;

    3. That Justin Perkins suffered severe emotional distress; and

    4. That the Defendant officers' conduct was a substantial factor in causing Justin Perkins' emotional distress.

(c)    Key evidence in support of each of the claims

    (i) Excessive force (42 U.S.C. § 1983) against defendant police officers Shiao Wang, Kenny Lee, Kenneth Edgar and Ricky Reynoso (the "Officers"):

    1. Defendant officers used unreasonable force against Justin Perkins. (Testimony of Defendant Officers, Video Evidence, Percipient witness testimony, Plaintiff testimony, Photographs of Decedent Justin Perkins, Medical records, Expert Testimony of Tim Williams, Expert Testimony of Bennett Omalu, Autopsy Report, Learning Domain 20, P.O.S.T. Learning Domain 15)

    2. Defendant officers' use of unreasonable force caused injury to Justin Perkins. (Testimony of Defendant Officers, Video Evidence, Percipient witness testimony, Plaintiff testimony, Photographs of Decedent Justin Perkins, Medical records, Expert Testimony of Tim Williams, Expert Testimony of Bennett Omalu, Autopsy Report, Learning Domain 20,

MEMORANDUM OF CONTENTIONS OF LAW AND FACT

P.O.S.T. Learning Domain 15)

 (ii) Denial of Medical Care (42 U.S.C. § 1983) against defendant police officers Kenneth Edgar and Ricky Reynoso:

  1. That any defendant made an intentional decision regarding the denial of needed medical care; (Testimony of Defendant Officers, Video Evidence, Percipient witness testimony, Plaintiff testimony, Photographs of Decedent Justin Perkins, Medical records, Expert Testimony of Tim Williams, Expert Testimony of Bennett Omalu, Autopsy Report, Learning Domain 20, P.O.S.T. Learning Domain 15)

  2. The denial of needed medical care put the plaintiff at substantial risk of suffering serious harm; (Testimony of Defendant Officers, Video Evidence, Percipient witness testimony, Plaintiff testimony, Photographs of Decedent Justin Perkins, Medical records, Expert Testimony of Tim Williams, Expert Testimony of Bennett Omalu, Autopsy Report, Learning Domain 20, P.O.S.T. Learning Domain 15)

  3. No defendant took reasonable available measures to abate or reduce the risk of serious harm, even though a reasonable officer under the circumstances would have understood the high degree of risk involved—making the consequences of the defendant's conduct obvious; and (Testimony of Defendant Officers, Video Evidence, Percipient witness testimony, Plaintiff testimony, Photographs of Decedent Justin Perkins, Medical records, Expert Testimony of Tim Williams, Expert Testimony of Bennett Omalu, Autopsy Report, Learning Domain 20, P.O.S.T. Learning Domain 15)

        4. By not taking such measures the defendant caused the plaintiff's injuries. (Testimony of Defendant Officers, Video Evidence, Percipient witness testimony, Plaintiff testimony, Photographs of Decedent Justin Perkins, Medical records, Expert Testimony of Tim Williams, Expert Testimony of Bennett Omalu, Autopsy Report, Learning Domain 20, P.O.S.T. Learning Domain 15)

  (iii) Violation of 14th Amendment right to familial relationship against defendant police officers Kenneth Edgar and Ricky Reynoso:

        1. Defendant officers acted with deliberate indifference to the rights of the decedent; and (Testimony of Defendant Officers, Video Evidence, Percipient witness testimony, Plaintiff testimony, Photographs of Decedent Justin Perkins, Medical records, Expert Testimony of Tim Williams, Expert Testimony of Bennett Omalu, Autopsy Report, Learning Domain 20, P.O.S.T. Learning Domain 15)

        2. Defendant officers actions caused plaintiff to be deprived of the companionshiop and society of decedent. (Testimony of Defendant Officers, Video Evidence, Percipient witness testimony, Plaintiff testimony, Photographs of Decedent Justin Perkins, Medical records, Expert Testimony of Tim Williams, Expert Testimony of Bennett Omalu, Autopsy Report, Learning Domain 20, P.O.S.T. Learning Domain 15)

  (iv) Wrongful death/negligence against the Officers:

        1. Defendant deputies negligently used unreasonable force against Justin Perkins. (Testimony of Defendant Officers, Video Evidence, Percipient witness testimony, Plaintiff

testimony, Photographs of Decedent Justin Perkins, Medical records, Expert Testimony of Tim Williams, Expert Testimony of Bennett Omalu, Autopsy Report, Learning Domain 20, P.O.S.T. Learning Domain 15)

    2. Defendant deputies' negligent use of unreasonable force caused injury to Justin Perkins. (Testimony of Defendant Officers, Video Evidence, Percipient witness testimony, Plaintiff testimony, Photographs of Decedent Justin Perkins, Medical records, Expert Testimony of Tim Williams, Expert Testimony of Bennett Omalu, Autopsy Report, Learning Domain 20, P.O.S.T. Learning Domain 15)

(v) Violation of the Bane Civil Rights Act against the Officers:

    1. Defendants Wang, Lee, Edgar, and/or Reynoso act violently against Justin Perkins; (Testimony of Defendant Officers, Video Evidence, Percipient witness testimony, Plaintiff testimony, Photographs of Decedent Justin Perkins, Medical records, Expert Testimony of Tim Williams, Expert Testimony of Bennett Omalu, Autopsy Report, Learning Domain 20, P.O.S.T. Learning Domain 15)

    2. Defendant officers committed these acts of violence to prevent Justin Perkins from exercising his right to be free from unreasonable seizure; (Testimony of Defendant Officers, Video Evidence, Percipient witness testimony, Plaintiff testimony, Photographs of Decedent Justin Perkins, Medical records, Expert Testimony of Tim Williams, Expert Testimony of Bennett Omalu, Autopsy Report, Learning Domain 20, P.O.S.T. Learning Domain 15)

The Law Offices of John L. Burris
9701 Wilshire Boulevard, Suite 1000
Beverly Hills, California 90212

      3.  That Justin Perkins was harmed; and (Testimony of Defendant Officers, Video Evidence, Percipient witness testimony, Plaintiff testimony, Photographs of Decedent Justin Perkins, Medical records, Expert Testimony of Tim Williams, Expert Testimony of Bennett Omalu, Autopsy Report, Learning Domain 20, P.O.S.T. Learning Domain 15)

      4.  The Defendant officers' acts were a substantial factor in causing harm to Justin Perkins. (Testimony of Defendant Officers, Video Evidence, Percipient witness testimony, Plaintiff testimony, Photographs of Decedent Justin Perkins, Medical records, Expert Testimony of Tim Williams, Expert Testimony of Bennett Omalu, Autopsy Report, Learning Domain 20, P.O.S.T. Learning Domain 15)

(vi)  Assault against the Officers:

      1.  That Defendants Wang, Lee, Edgar, and/or Reynoso threatened to touch Justin Perkins in a harmful or offensive matter; (Testimony of Defendant Officers, Video Evidence, Percipient witness testimony, Plaintiff testimony, Photographs of Decedent Justin Perkins, Medical records, Expert Testimony of Tim Williams, Expert Testimony of Bennett Omalu, Autopsy Report, Learning Domain 20, P.O.S.T. Learning Domain 15)

      2.  That it reasonably appeared to Justin Perkins that the Defendant officers were about to carry out the threat; (Testimony of Defendant Officers, Video Evidence, Percipient witness testimony, Plaintiff testimony, Photographs of Decedent Justin Perkins, Medical records, Expert Testimony of Tim Williams, Expert Testimony of Bennett Omalu, Autopsy Report,

Learning Domain 20, P.O.S.T. Learning Domain 15)

        3. That Justin Perkins did not consent to the Defendant officers' conduct; (Testimony of Defendant Officers, Video Evidence, Percipient witness testimony, Plaintiff testimony, Photographs of Decedent Justin Perkins, Medical records, Expert Testimony of Tim Williams, Expert Testimony of Bennett Omalu, Autopsy Report, Learning Domain 20, P.O.S.T. Learning Domain 15)

        4. That Justin Perkins was harmed; and (Testimony of Defendant Officers, Video Evidence, Percipient witness testimony, Plaintiff testimony, Photographs of Decedent Justin Perkins, Medical records, Expert Testimony of Tim Williams, Expert Testimony of Bennett Omalu, Autopsy Report, Learning Domain 20, P.O.S.T. Learning Domain 15)

        5. That the Defendant officers' conduct was a substantial factor in causing Justin Perkins' harm. (Testimony of Defendant Officers, Video Evidence, Percipient witness testimony, Plaintiff testimony, Photographs of Decedent Justin Perkins, Medical records, Expert Testimony of Tim Williams, Expert Testimony of Bennett Omalu, Autopsy Report, Learning Domain 20, P.O.S.T. Learning Domain 15)

(vii) Battery against the Officers:

        1. That Defendants Wang, Lee, Edgar, and/or Reynoso intentionally caused Justin Perkins to be touched; (Testimony of Defendant Officers, Video Evidence, Percipient witness testimony, Plaintiff testimony, Photographs of Decedent Justin Perkins, Medical records, Expert Testimony of Tim Williams,

Expert Testimony of Bennett Omalu, Autopsy Report, Learning Domain 20, P.O.S.T. Learning Domain 15)

    2. That Defendant officers used unreasonable force to detain Justin Perkins; (Testimony of Defendant Officers, Video Evidence, Percipient witness testimony, Plaintiff testimony, Photographs of Decedent Justin Perkins, Medical records, Expert Testimony of Tim Williams, Expert Testimony of Bennett Omalu, Autopsy Report, Learning Domain 20, P.O.S.T. Learning Domain 15)

    3. That Justin Perkins did not consent to the use of that force; (Testimony of Defendant Officers, Video Evidence, Percipient witness testimony, Plaintiff testimony, Photographs of Decedent Justin Perkins, Medical records, Expert Testimony of Tim Williams, Expert Testimony of Bennett Omalu, Autopsy Report, Learning Domain 20, P.O.S.T. Learning Domain 15)

    4. That Justin Perkins was harmed; and (Testimony of Defendant Officers, Video Evidence, Percipient witness testimony, Plaintiff testimony, Photographs of Decedent Justin Perkins, Medical records, Expert Testimony of Tim Williams, Expert Testimony of Bennett Omalu, Autopsy Report, Learning Domain 20, P.O.S.T. Learning Domain 15)

    5. That defendant officers' use of unreasonable force was a substantial factor in causing Justin Perkin's harm. (Testimony of Defendant Officers, Video Evidence, Percipient witness testimony, Plaintiff testimony, Photographs of Decedent Justin Perkins, Medical records, Expert Testimony of Tim Williams, Expert Testimony of Bennett Omalu, Autopsy Report, Learning

**The Law Offices of John L. Burris**
9701 Wilshire Boulevard, Suite 1000
Beverly Hills, California 90212

Domain 20, P.O.S.T. Learning Domain 15)

(viii) Intentional infliction of emotional distress against defendant police officers Kenneth Edgar and Ricky Reynoso:

    1. That Defendant officers' conduct was outrageous; (Testimony of Defendant Officers, Video Evidence, Percipient witness testimony, Plaintiff testimony, Photographs of Decedent Justin Perkins, Medical records, Expert Testimony of Tim Williams, Expert Testimony of Bennett Omalu, Autopsy Report, Learning Domain 20, P.O.S.T. Learning Domain 15)

    2. That the Defendant officers acted with reckless disregard of the probability that Justin Perkins would suffer emotional distress, knowing that Justin Perkins was present when the conduct occurred; (Testimony of Defendant Officers, Video Evidence, Percipient witness testimony, Plaintiff testimony, Photographs of Decedent Justin Perkins, Medical records, Expert Testimony of Tim Williams, Expert Testimony of Bennett Omalu, Autopsy Report, Learning Domain 20, P.O.S.T. Learning Domain 15)

    3. That Justin Perkins suffered severe emotional distress; and (Testimony of Defendant Officers, Video Evidence, Percipient witness testimony, Plaintiff testimony, Photographs of Decedent Justin Perkins, Medical records, Expert Testimony of Tim Williams, Expert Testimony of Bennett Omalu, Autopsy Report, Learning Domain 20, P.O.S.T. Learning Domain 15)

    4. That the Defendant officers' conduct was a substantial factor in causing Justin Perkins' emotional distress. (Testimony of Defendant Officers, Video Evidence, Percipient witness

testimony, Plaintiff testimony, Photographs of Decedent Justin Perkins, Medical records, Expert Testimony of Tim Williams, Expert Testimony of Bennett Omalu, Autopsy Report, Learning Domain 20, P.O.S.T. Learning Domain 15)

(d) A summary statement of the counterclaims and affirmative defenses Defendant has pleaded and plans to pursue

(i) Defendant plans to pursue the following counterclaim and affirmative defenses:

Counterclaim:                  Workers' Compensation Subrogation.

Third Affirmative Defense:     Qualified Immunity

The Officers assert the affirmative defense of qualified immunity as to Plaintiff's federal claims. *Harlow v. Fitzgerald*, 457 U.S. 800, 815 (1982); *Gomez v. Toledo*, 446 U.S. 635, 640 (1980); *Kelson v. Springfield*, 767 U.S. 651, 657 (9th Cir. 1985); *Harris v. Roseburg*, 664 F.2d 1121, 1129 (9th Cir. 1981)). The officers at all times acted in good faith and without malice. Alternatively, the officers are not liable for a reasonable but mistaken belief in the law, or are immune from liability based on their objectively reasonable reliance on existing law.

The actions of the officers at or near the times alleged were objectively reasonable, and the officers had reasonable and probable cause to act in the manner they did. Of all of the factors set forth in *Graham v. Connor*, 490 U.S. 386 (1989), in determining whether the force used is objectively reasonable, the most important factor is "[w]hether the suspect poses and immediate threat to the safety of the officers or others." *Graham, supra,* 490 U.S. at 396; *S.B. v. County of San Diego*, 864 F.3d 1010, 1013-1014 (9th Cir. 2017), citing *George v. Morris*, 736 F.3d 829, 838 (9th Cir. 2013), and *Bryan v. MacPherson*, 630 F.3d 805, 826 (9th Cir. 2010). Clearly established federal law does not prohibit a

reasonable officer who arrives late to an ongoing police action from assuming that proper procedures have been followed. No settled Fourth Amendment principle requires that officer to second guess the earlier steps already taken by his or her fellow officers. *White v. Pauly*, 137 S.Ct. 548, 552 (2017). "[A]s the text of the Fourth Amendment indicates, the appropriate inquiry is whether the officers acted reasonably, not whether they had less intrusive alternatives available to them. [Citations]. Requiring officers to find and choose the least intrusive alternative would require them to exercise superhuman judgment. *Scott v. Henrich*, 39 F.3d 912, 915 (9th Cir. 1994).

Thirteenth Affirmative Defense:    Self Defense/Defense of Others.

Any force used upon the decedent by the Officers was objectively reasonable under the totality of the circumstances, was caused and necessitated by the unlawful acts and conduct of Plaintiff's decedent, and was in self-defense and the defense of others. CACI 1304; *Catanho v. United States*, 2009 U.S. Dist. LEXIS 36473, *28-29 (C.D. Cal., Apr. 28, 2009). The injuries or damages suffered by decedent and Plaintiff was due to and caused by decedent's own wrongful and unlawful acts and conduct.

Seventeenth Affirmative Defense:    Statutory Immunities

The Officers assert the following affirmative defenses of governmental immunity as to Plaintiff's claims. *Zuniga v. Housing Authority*, 41 Cal.App.4th 92, 98 (1995).) Under California Government Code § 820.2, the Officers are not liable for an injury resulting from his or her act or omission, where the act or omission was the result of the exercise of discretion vested in him or her. Under California Government Code § 820.4, the Officers are not liable for their acts and omissions while exercising due care in the execution or enforcement of any law. Under California Government Code § 820.8, the Officers are not liable for any injury caused by the act or omission of another person or entity. If the

Officers are not liable, the City is not vicariously liable. California Government Code § 815.2(b).

    (e)    The Elements required to establish Defendants' counterclaims and defenses

        (i)  Counterclaim (Workers' Compensation Subrogation)

           1.  That Perkins touched Officers Wang and/or Lee with the intent to harm or offend him;

           2.  That Officers Wang and/or Lee did not consent to the touching;

           3.  That Officers Wang and/or Lee were harmed or offended by Perkins's conduct; and

           4.  The existence and amount of workers' compensation benefits paid by Anaheim as a result of Perkins's battery on Officers Wang and/or Lee.

        (ii)  Third affirmative defenses (Qualified Immunity)

           1.  No officer's conduct violated a constitutional right of Perkins and/or the constitutional right of Perkins which plaintiff alleges to have been violated was not clearly established.

        (iii)  Thirteenth Affirmative Defense (Self Defense/Defense of Others):

           1.  When one or more of the Defendant Officers used force against Perkins, the officer(s) reasonable believed that Perkins was going to harm that officer or another officer; and

           2.  The officer(s) used only the amount of force that was reasonably necessary to protect himself or his fellow officer.

        (iv)  Seventeenth Affirmative Defense (Statutory Immunities)

           1.  If the act or omission of the Officers was the result of

the exercise of discretion, the Officers are not liable for any resulting injury.

2. If the Officers were exercising due care in the execution or enforcement of any law, the Officers are not liable for their acts and omissions.

3. The Officers are not liable for any injury caused by the act or omission of another person or entity.

(f) Brief description of the key evidence relied on in opposition to each counterclaim and affirmative defense

(i) Plaintiff relies on the following brief description of key evidence in opposition to Defendants' counterclaims and affirmative defenses:

1. (Testimony of Defendant Officers, Video Evidence, Percipient witness testimony, Plaintiff testimony, Photographs of Decedent Justin Perkins, Medical records, Expert Testimony of Tim Williams, Expert Testimony of Bennett Omalu, Autopsy Report, Learning Domain 20, P.O.S.T. Learning Domain 15)

(g) Similar statements for all third parties

Not applicable.

(h) Identification of any anticipated evidentiary issues, together with the party's position on those issues

Defendants' motions in limine to be argued at the final Pretrial Conference.

(i) Identification of any issues of law, such as the proper interpretation of a governing statute, which are germane to the case, together with the party's position on those issues

Defendants will argue qualified immunity precludes judgment

against them.

## II. BIFURCATION OF ISSUES

Defendants filed a motion in limine to bifurcate liability of Plaintiff's claims from the damages phase of the trial.

## III. JURY TRIAL

All Plaintiff's claims are triable issues as a matter of right.

## IV. ATTORNEY'S FEES

Plaintiff will seek attorney's fees if they prevail at trial.

## V. ABANDONMENT OF ISSUES

None.